UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BILLINGNETWORK PATENT, INC., | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 5636 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| MODERNIZING MEDICINE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

BillingNetwork Patent, Inc. ("Plaintiff") filed this suit against Modernizing Medicine, Inc. ("Defendant") for alleged patent infringement. (R. 1.) Defendant moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (R. 19.) For the reasons set forth below, the Court grants Defendant's motion.[1]

## BACKGROUND

Plaintiff filed this suit on August 2, 2017, alleging that Defendant infringes U.S Patent No. 6,374,229, entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," through the marketing and sale of various online, cloud-based practice management and billing services. (R. 1, Compl. ¶¶ 1, 3, 6, 23.) Plaintiff alleges that Defendant "owns, operates and conducts business through its [allegedly infringing] practice management system . . . throughout the United States including Illinois and this judicial district." (*Id.* ¶ 8.) As it pertains to venue, Plaintiff alleges that Defendant is a Delaware corporation and that it "has

---

[1] In the same motion, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (R. 19.) However, consistent with the Court's prior minute order, (R. 27), it is addressing the venue issue only in this opinion. Given the Court's disposition of this issue, it declines to address or rule on Defendant's motion under Rule 12(b)(6).

registered itself with the Illinois Secretary of State to do business in Illinois and has a designated agent incident to such registration whereby [Defendant] has [a] regular and established place of business in Illinois." (*Id.* ¶¶ 5, 9-10.) On September 13, 2017, Defendant filed the present motion to dismiss, arguing that Plaintiff has not carried its burden of showing that venue is proper in this District. (R. 19, Mot.; R. 20, Mem.)

In response to Defendant's motion, Plaintiff offers a declaration from its counsel purporting to establish the following, additional venue-related facts: (1) Defendant is "only registered to do business in select U.S. States"; (2) Defendant maintains two employees in Illinois, "presumably in the Northern District," who "train end-users how to operate the same systems accused of infringement" in this case; and (3) "[a]n online search identifies at least four (other) recently hired employees that perform numerous tasks for Defendant in Illinois." (R. 29, Resp. at 2; *see also* R. 29-1, Opatken Decl. ¶¶ 4-6.)

In reply, Defendant submits its own declaration from its Chief Operating Officer and Chief Financial Officer, Karen O'Byrne. According to the declaration, Defendant has five employees who work in this District, three of whom were hired this year. (R. 30-2, O'Byrne Decl. ¶ 4.) All five work out of their own homes, which Defendant does not own, lease, or subsidize. (*Id.* ¶¶ 4, 7.) Defendant does not list these employees' homes on any website, telephone book, or other directory as a place where it conducts business. (*Id.* ¶ 14.) Defendant also does not require these employees to reside at a particular location, nor does it require them to reside in this District. (*Id.* ¶¶ 6, 11.) None of the employees have staff or secretarial help located in their residences; they receive administrative support solely from Defendant's principal places of business in California and Florida. (*Id.* ¶¶ 8-9.) Other than company-issued laptops and like equipment that these employees use to perform their job duties, Defendant does not store

2

materials or inventory in the employees' homes, nor does it maintain any real or personal property, or any storage, distribution, or manufacturing facilities, in this District. (*Id.* ¶¶ 5, 12.)

## LEGAL STANDARD

"In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), all allegations are taken as true, unless contradicted by the defendant's affidavits[,] and the court may consider facts outside the pleadings." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015); *see also Berkshire Invs., LLC v. Aircraft Hinge, Inc.*, No. 14 C 5020, 2015 WL 556348, at *1 (N.D. Ill. Feb. 9, 2015) ("On a Rule 12(b)(3) motion to dismiss, the Court may examine facts outside the complaint to determine whether venue is proper[.]"). Plaintiff bears the burden of establishing that venue is proper. *Allstate*, 80 F. Supp. 3d at 875; *Berkshire Invs., LLC*, 2015 WL 556348, at *1. If venue is not proper, the Court may either dismiss the suit or transfer it to "any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

## ANALYSIS

The statute governing venue in patent cases, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendant argues that venue is not proper in this District under either prong of the statute. (R. 20, Mem. at 1-4.) As to the first prong, Defendant contends that it does not "reside" in this District because it is incorporated in Delaware. (*Id.* at 6.) Defendant points out that following the U.S. Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), it is deemed to "reside" for purposes of Section 1400(b) only in its state of incorporation—Delaware.

3

(*Id.*) Defendant argues that the second prong is not satisfied either because it has no "regular and established place of business" in this District.[2] (*Id.* at 8.) In response, Plaintiff concedes that it is attempting to establish venue based only the second prong of the statute. (R. 29, Resp. at 1.) The parties' dispute thus turns on whether Defendant has a "regular and established place of business" in this District.

The U.S. Court of Appeals for the Federal Circuit has recently clarified that three conditions must be satisfied for a defendant to have a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."[3] *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any requirement is not met, there is no "regular and established place of business" under Section 1400(b). *Id.*

Plaintiff argues that Defendant has a regular and established place of business in this District based on the facts that it is registered to do business in Illinois as a foreign corporation, has a corresponding registered agent in Chicago for service of process, and maintains several work-at-home employees in this District. (R. 29, Resp. at 5-6.) The Court concludes that these facts do not establish a "regular and established place of business" under Section 1400(b). That a defendant is registered to do business in a particular state has no bearing on whether it has the requisite "physical place" of business in the state, let alone in a particular judicial district. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-CV-86, 2017 WL 4324841, at *9 (E.D. Va. Sept. 28, 2017) (rejecting argument that since defendant "is registered as a foreign

---

[2] Defendant does not contest that it has "committed acts of [alleged] infringement" in this District, so the Court assumes without deciding that this element is satisfied.

[3] The proper interpretation of the patent venue statute is governed by Federal Circuit law, rather than regional circuit law. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

4

corporation with the Commonwealth of Virginia, and has appointed a registered agent to accept service of process in Virginia," it had a regular and established place of business there, because "[n]either fact has any bearing on whether [the defendant] maintains a physical place within the District"); *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. CV 17-379, 2017 WL 3980155, at *16 (D. Del. Sept. 11, 2017) ("[S]imply . . . being registered to do business in a district is insufficient . . . to make that district a regular and established place of business[.]"); *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601, 2017 WL 3116686, at *2 (D. Kan. July 20, 2017) (rejecting argument that because defendant was "registered to do business in Kansas," it had a regular and established place of business there). It is likewise irrelevant that, incident to Defendant's registration to do business in Illinois, it has appointed an agent for service of process in this state; that also has no bearing on whether Defendant maintains a physical place of business in this District.[4] *See Symbology Innovations*, 2017 WL 4324841, at *9.

Defendant's five work-at-home employees located in this District also do not establish that Defendant has a "regular and established place of business" here. While these employees' homes are certainly physical places in this District and are in some sense connected to Defendant's business, none of them are a place "of the defendant." *Cray*, 871 F.3d at 1360. In resolving whether a physical place is "of the defendant" for purposes of Section 1400(b), relevant considerations include "whether the defendant owns or leases the place, or exercises

---

[4] In addition, relying on the existence of an appointed agent for service of process would undermine one of the principal purposes of Section 1400(b). "Congress adopted the predecessor to § 1400(b) . . . to eliminate the abuses engendered by previous venue provisions allowing [patent infringement] suits to be brought in any district in which the defendant could be served." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (citation and internal quotation marks omitted). If a defendant is deemed to have a regular and established place of business in every jurisdiction that it has an appointed agent, it would be subject to suit wherever it could be served. This would defeat the statute's purpose. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-CV-86, 2017 WL 4324841, at *9 (E.D. Va. Sept. 28, 2017) ("Consideration of the appointed agent is especially inappropriate because the patent venue statute was intended to eliminate the abuses engendered by subjecting defendants to suit wherever they could be served.").

5

other attributes of possession or control" and whether "the defendant condition[s] employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place." *Id.* at 1363. "Marketing or advertisements also may be relevant . . . to the extent they indicate that the defendant itself holds out [the] place for its business." *Id.* It would be relevant, for example, that a defendant "lists the alleged place of business on a website, or in a telephone or other directory" as its own or "places its name on a sign associated with or on the building itself." *Id.* at 1363-64.

None of these factors are present here. Defendant does not own or lease these five employees' homes or contribute to their rent or mortgage payments. (R. 30-2, O'Byrne Decl. ¶ 7.) Nor does it require them to reside at particular locations or even to reside in this District. (*Id.* ¶¶ 6, 11.) Defendant also does not publicly advertise or list the employees' homes as a place where it conducts business. (*Id.* ¶ 14.)

Plaintiff argues that even if Defendant did not establish the employees' homes as its own places of business, it has ratified them as such by designating the homes "for purposes of workers' compensation." (R. 34, Sur-reply at 3.) This argument is not persuasive. The Federal Circuit has explained that a defendant can "ratify [a] place of business" as its own. *Cray*, 871 F.3d at 1363. However, it is clear from the considerations that the Federal Circuit identified as relevant to the statutory inquiry that listing an employee's home address on a workers' compensation insurance policy does not ratify the home as the employer's place of business. Listing an employee's home address on a workers' compensation policy does not show "possession or control" by the employer over the employee's home, nor does it hold out the

employee's home to the public as the employer's place of business.[5] *See id.* at 1363-64 ("Potentially relevant inquiries include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself."). It merely recognizes that the employee does work for the employer at the home.

Ultimately, the facts here "merely show that there exists within the district a physical location where an employee of the defendant carries on certain work for his employer." *Cray*, 871 F.3d at 1366. That is not the same as *Defendant* having a regular and established place of business in this District. *See id.* at 1365 ("The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant." (citation omitted)); *cf. Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514, 515-16 (7th Cir. 1967) (concluding that "we cannot by any stretch of the imagination characterize [the employee's] family bedroom or even his entire home as 'a regular and established place of business' of [the defendant]," where employee used his home in the Northern District of Illinois "as a base for his sales activities in promoting [the defendant's] products").

As an alternative to granting Defendant's motion, Plaintiff requests "expedited and limited discovery" so that it can investigate whether additional facts about Defendant's business

---

[5] Indeed, the Federal Circuit has already rejected an argument similar to that advanced by Defendant. In *In re Cray, Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), the court held that venue was not proper in the Eastern District of Texas even though the defendant employed a sales executive who worked out of his home in that District. *Cray*, 871 F.3d at 1357. The plaintiff relied in part on the defendant's "Americas Sales Territories" map, an internal document, that identified the executive "as a 'Named Account Manager' and his location at his Eastern District of Texas personal home." *Id.* In concluding that none of the evidence showed a regular and established place of business under Section 1400(b), the court held that the map had "little probative value" because it was not advertised publicly. *Id.* at 1365. Likewise, an address listing on a workers' compensation insurance policy has little probative value because it is not advertised publicly.

7

support venue in this District. (R. 29, Resp. at 7.) "With challenges to venue . . . courts often permit limited discovery by the party faced with responding to such a challenge." *Alpha Chi Omega v. Hair Spa, Inc.*, No. 1:08-CV-0631, 2008 WL 3833647, at *1 (S.D. Ind. Aug. 12, 2008). However, the Court is not persuaded that additional discovery would be productive in this case. It is apparent that Plaintiff has already conducted informal discovery by seeking information through discussions with Defendant's counsel. (*See* R. 29, Resp. at 2 (describing "conversations with Defendant's counsel" and "independent investigation by Plaintiff"); *id.* at 6 (summarizing a "phone call between counsel for the parties"); R. 29-1, Opatken Decl. ¶¶ 5-7.) Plaintiff does not suggest that Defendant's counsel refused to provide any requested information, nor does it identify any specific, concrete information that it would seek to support venue. In addition, Defendant has supplied a thorough and relatively detailed declaration from its Chief Operating Officer describing facts about its employees in this District and its business more generally, so far as they would bear on venue. Under these circumstances, the Court declines to defer ruling on Defendant's motion in order to permit limited venue discovery.

As a final matter, although the Court has authority under 28 U.S.C. § 1406(a) to transfer the case to another district where venue would be proper, it declines to do so. Plaintiff has not requested transfer as an alternative to dismissal or identified any compelling reasons to transfer rather than dismiss the case. And because the parties have not addressed where else venue might be proper,[6] the Court is unable to determine where it would best serve the interest of justice to transfer the case. *See* 28 U.S.C. § 1406(a).

---

[6] As indicated above, it appears that venue would be proper in the District of Delaware because Defendant is incorporated in Delaware. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). However, the parties have not identified—and the Court is unable to determine from the record before it—where else venue might be proper.

8

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for improper venue (R. 19) and dismisses Plaintiff's Complaint (R. 1) without prejudice. The Clerk is directed to close the case. Plaintiffs are free to re-file their complaint in another district where venue may be proper.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: November 6, 2017**